IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

JOVI MENDOZA TIAMZON,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. CF0133-11

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on February 6, 2012. Attorney Daniel Berman appeared representing Defendant, who was present. Attorney Gerald Henderson appeared on behalf of the Government. Having reviewed the pleadings and the arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with criminal sexual conduct. Defendant filed a Motion for Bill of Particulars on June 22, 2011. The Government filed a Bill of Particulars on October 24, 2011. Defendant also filed a Motion to Dismiss for Lack of Jurisdiction on November 29, 2011 which was withdrawn as to the jurisdictional issue on January 3, 2012. The Motion to Dismiss remained as to lack of particulars. Defendant also filed a Motion to Suppress on November 29, 2011. The Government filed a Motion for Protective Order on December 2, 2011. This Decision and Order will address only Defendant's Motion to Dismiss.

# DISCUSSION

## I.    Motion to Dismiss

### Bill of Particulars

Defendant argues that the case should be dismissed because the Bill of Particulars filed by the Government is untimely, lacks actual particulars and contradicts the previous facts stated in the Indictment.

### Untimely

Defendant argues that the Government's Bill of Particulars was untimely and should not be considered by this Court. Defendant's Motion for Bill of Particulars was filed on June 22, 2011 and the Bill of Particulars was filed October 24, 2011, more than five months after the Defendant's Motion was filed. The Court will grant the Government leeway as to the five month delay to submit the Bill of Particulars where there is some good cause. The hearing for the Bill of Particulars did not occur until July 19, 2011 where the Government did not oppose Defendant's Motion for Bill of Particulars. In addition, the Court granted off-island travel to the Defendant for medical reasons which the Government could easily have understood meaning that the rush for submissions is now delayed as Defendant was underdoing serious medical issues. The Court does recognize that the Government failed to submit the Bill of Particulars by August 30, 2011 or by the October 15, deadline. Yet, the Government filed the Bill of Particulars shortly thereafter. The Government expressed confusion as to who was assigned the case at the September 1, 2011 Criminal Trial Setting. In addition, there is no cognizable prejudice to the Defendant as he was recovering from medical issues during this time and likely

not in any need to expedite the proceedings.[1] The Court will consider the Bill of Particulars as timely and excuse any delay in filing the Bill of Particulars due to medical reasons and confusion at the Office of the Attorney General.

Lacks Particulars

Defendant also argues that the Bill of Particulars fails, even if it can be considered by the Court, because it lacks particulars. 8 GCA §55.30 provides:

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense. (2010)

As long as the Court finds Defendant able to prepare his defense, the Bill of Particulars filed on October 34, 2011 would be proper and Defendant's Motion to Dismiss should be denied on this issue.

The purpose of a bill of particulars is to inform defendants as to the crime for which they must stand trial, not to force the Government to disclose weaknesses in its case, nor to prevent the use of evidence that is found as the proceedings continue. *People v. Mesa, et al.,* Sup. Ct. Cr. 324F-77, 296F-77 and 327F-77 (Order, 01/24/78; Abbate, P.J.). Here, the Defendant is well aware of the crimes for which these proceedings are based upon. The Court finds the Bill of Particulars to provide sufficient particulars that would allow Defendant to prepare for trial and understand the factual basis for the crimes alleged.

---

[1] Defendant first told the Court he began feeling better at the September 1, 2011 Criminal Trial Setting.

## Contradicts Evidence

Finally, Defendant argues that the case should be dismissed because material facts in the recently filed Bill of Particulars contradicts the material facts in the Indictment. The Government contends that minor factual variances are not grounds for dismissal and the victim in this matter reported the incidents ten years after they occurred, so slight differences are to be expected. The Court reviewed both the Indictment and the Bill of Particulars. The most noticeable difference in facts is the increase in the number of alleged sexual attacks mentioned in the Bill of Particulars which was not present in the Indictment. Another variance exists in the form of a slightly different period of time that the alleged attacks could have happened. Finally, the Court found that in Count Two of the Second Charge in the Indictment, Defendant's penis was alleged to have contacted the victim's buttocks. This alleged fact was not present in the Bill of Particulars. The variance in facts are, as a whole, minimal and do not weigh greatly on the case at hand. If the contradicting facts were essential to the case such as the victim's identity, the Court would be more inclined to consider dismissal. Considering the fact that these events occurred such a long time ago, the Court anticipates as least some minor factual contradictions. The Court does not find that minor factual variances, as are the one present here, are grounds for dismissal.

/ /

/ /

**Presentation to Grand Jury**

Defendant also argues that the Government failed to tell the Grand Jury that Defendant was a minor at the time of the alleged sexual assaults. The Court agrees with the Government that the fact Defendant was 17 at the time of the alleged crimes does not constitute exculpatory evidence. Thus, a failure to mention this to the Grand Jury does not warrant dismissal.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.

So **ORDERED** this 4th day of April, 2012.

Original Signed By:
**HON. VERNON P. PEREZ**

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

APR 0 4 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam